JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kenneth Konstantin

## DEFENDANTS
Univision Communications, Inc. and Univision Philadelphia, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin I. Lovitz
Lovitz Law Firm, P.C.
1650 Market Street, 36th Fl., Phila., PA 19103 (215)735-1996

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §626(b)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  8/29/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 4055 Ridge Avenue, Apt. 5505, Philadelphia, PA _____

Address of Defendant: _____ 1608 Walnut Street, Philadelphia, PA _____

Place of Accident, Incident or Transaction: _____ 1608 Walnut Street, Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 5/29/18 _____   _____   70184
　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**　*Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ 28 USC §626(b) _____

**B.**　*Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Kevin I. Lovitz, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _____ 8/29/18 _____   _____   70184
　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____4055 Ridge Avenue, Apt. 5505, Philadelphia, PA_____

Address of Defendant: _____1608 Walnut Street, Philadelphia, PA_____

Place of Accident, Incident or Transaction: _____1608 Walnut Street, Philadelphia, PA_____

---

***RELATED CASE, IF ANY:***

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____8/29/18_____    _____    70184
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (*if applicable*)

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
     *(Please specify):* _____28 USC §626(b)_____

**B.    *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*): _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Kevin I. Lovitz, Esquire_____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _____8/29/18_____    _____    70184
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (*if applicable*)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**          **APPENDIX C**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | | |
|---|---|---|---|
| Kenneth Konstantin, | | : | CIVIL ACTION |
| | Plaintiff | : | |
| | | : | |
| v. | | : | |
| Univision Communications, Inc., and Univision | | : | |
| Philadelphia, LLC, | Defendants | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.          ☐

(b)   Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ☐

(c)   Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          ☐

(d)   Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.          ☐

(e)   Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ☐

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.          ☑

8/29/18
**Date**

_____
**Attorney-at-law**

**Kevin I. Lovitz, Esquire**
_____
**Attorney for** Kenneth Konstantin,

(Civ. 660) 7/95

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH KONSTANTIN                      :        CIVIL ACTION
                                        :
                Plaintiff,           :
                                        :        No:
      v.                                :
                                        :
UNIVISION COMMUNICATIONS, INC. and      :
UNIVISION PHILADELPHIA, LLC             :
                                        :
                Defendant.           :

## COMPLAINT AND JURY DEMAND

### I.   PARTIES AND JURISDICTION

1.   Plaintiff, Kenneth Konstantin, is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at 4055 Ridge Avenue, Apt. 5505, Philadelphia, Pennsylvania.

2.   Defendant, Univision Communications, Inc., was and is now a corporation duly organized and existing under the laws of Pennsylvania with a place of business located at 1608 Walnut Street, Philadelphia, Pennsylvania.

3.   Defendant, Univision Philadelphia, LLC, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 1608 Walnut Street, Philadelphia, Pennsylvania.

4.   The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 28 U.S.C. §626(b).  The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq*.

5. All conditions precedent to the institution of this suit have been fulfilled. More than sixty (60) days have elapsed since Plaintiff filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff has satisfied all other jurisdictional prerequisites prior to the commencement of this action.

6. A Notice of Right to Sue was issued by the EEOC on June 18, 2018. This action has been initiated within ninety (90) days of receipt of said Notice.

7. At all times relevant hereto, Defendants were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Defendants.

8. At all times material herein, Defendants have been a "person(s)" and "employer(s)" as defined under the ADEA and PHRA and has been, and is subject to, the provisions of each said Act.

## II.   CAUSES OF ACTION

9. Plaintiff was employed by Defendants as an Account Executive/Sales Representative from on or about May 19, 2014, until on or about June 6, 2017, when he was discharged as a result of the unlawful employment practices complained of herein.

10. At the time of his termination, Plaintiff was sixty (60) years old.

11. During the course of his employment, Plaintiff performed his job functions in a dutiful and competent manner.

12. Throughout the course of his employment, Plaintiff was subjected to various discriminatory and derogatory comments in regards to his age by co-worker, Lizette Alicea ("Alicea").

- 3 -

13.    In connection thereto, Alicea made several references to Plaintiff's age and frequently remarked that he was "old".

14.    At or about the end of 2015, Alicea was promoted to a position wherein she served as Plaintiff's manager.

15.    Thereafter, Alicea continued to treat Plaintiff in a discriminatory manner, issued him disciplinary actions which were not warranted, issued him a poor performance appraisal, and otherwise treated Plaintiff in a hostile and discriminatory manner due to his age.

16.    In addition, Plaintiff bore witness to several discriminatory and derogatory remarks being made by other co-workers which he found to be offensive and discriminatory.

17.    As a result of the aforesaid discriminatory treatment by Alicea and others, Plaintiff registered a complaint of discrimination with Christina Brown ("Brown"), Defendants' manager, in or about March, 2017.

18.    On or about April 19, 2017, Brown issued a "performance review investigation response" to Plaintiff wherein she documented the fact that Plaintiff had registered the said discrimination complaints with the Defendants regarding his mistreatment.

19.    However, instead of conducting a thorough investigation of Plaintiff's complaints, Defendants subjected Plaintiff to continued criticisms of his performance as an act of retaliation and reprisal.

20.    As a result of these allegations, Plaintiff was issued a last and final warning on April 19, 2017, a document which he refused to sign.

- 3 -

21.    Furthermore, Defendants accused Plaintiff of engaging in inappropriate behavior for the first time, while his complaints regarding the discriminatory conduct of others went unaddressed.

22.    Plaintiff believes, and therefore avers, that Defendants subjected him to acts of retaliation and reprisal solely as a result of him having registered a complaint of discrimination, as aforesaid.

23.    Thereafter, on or about June 6, 2017, the Defendants discharged Plaintiff from his employment, a further act of retaliation for his having registered the aforesaid complaints of discrimination.

24.    Plaintiff believes and avers that he was subjected to discrimination on the basis of his age, and was retaliated against for opposing discrimination in the workplace, as aforesaid.

## COUNT I
### (ADEA - Age Discrimination/Retaliation)
### Plaintiff v. Defendant

25.    Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as fully set forth at length herein.

26.    The actions of Defendants through their agents, servants and employees in terminating Plaintiff because of his age, and in retaliation for opposing discrimination in the workplace, constituted a violation of the ADEA.

27.    The unlawful discriminatory employment practices engaged in by the Defendants were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2) of the Age Discrimination in Employment Act.

- 4 -

28.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of 28 U.S.C. §626(a) and (1) and 626(a)(2) of the Age Discrimination in Employment Act, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT II
### (PHRA - Age Discrimination/Retaliation)
### Plaintiff v. Defendant

29.    Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as fully set forth at length herein.

30.    The actions of Defendants through their agents, servants and employees in terminating Plaintiff because of his age, and in retaliation for opposing discrimination in the workplace, constituted a violation of the PHRA.

31.    The unlawful discriminatory employment practices engaged in by the Defendants were in violation of the provisions of the PHRA.

32.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.  Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendants' unlawful actions, as aforesaid.

- 5 -

## PRAYER FOR RELIEF

33.    Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as fully set forth at length herein.

**WHEREFORE,** Plaintiff requests this Court to enter judgment in his favor and against Defendants, and order that:

(a)    Defendants offer Plaintiff a position, with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

(b)    Defendants compensate Plaintiff with an award of front pay, if appropriate;

(c)    Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(d)    Defendants pay Plaintiff liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses as allowable;

(e)    Defendants pay Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(f)    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By:_____

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street , 36th Floor
Suite 3100
Philadelphia, PA 19103
(215) 735-1996 Phone
(215)  735-1515 Fax

Attorney for Plaintiff, Kenneth Konstantin